UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                          )
                                                )
    T & B MORTGAGE CORPORATION      )    Case No. 07-13630-SSM
                                                )    Chapter 7
                  Debtor              )

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of creditor FIA Card Services, N.A., for allowance and payment, as a chapter 7 administrative expense, of attorney's fees and expenses it incurred in the amount of $9,084.53 in pursuing a pre-petition fraudulent conveyance action that was subsequently removed to this court.  A hearing was held on May 20, 2008, at which the chapter 7 trustee, Gordon P. Peyton, did not object to the fees.  Because the court questioned whether there was a statutory basis for allowing the fees as an administrative expense, the court took the motion under advisement and gave FIA an opportunity to submit a post-hearing brief, which it has done.  For the reasons stated, the administrative expense claim will be approved in the amount of $4,210.00 and otherwise denied.

Background

The debtor, T&B Mortgage Corporation, filed a voluntary petition in this court on November 26, 2007, for reorganization under chapter 11 of the Bankruptcy Code.  The case was dismissed on December 26, 2007, based on the debtor's failure to timely file schedules and a statement of financial affairs.  Creditors Bank of America, FIA Card Services, N.A., and Wachovia Bank filed motions to vacate the order of dismissal and convert the case to chapter 7.

1

Although the debtor opposed the motions, the court ultimately vacated the dismissal and converted the case to chapter 7 by order entered on February 21, 2008,

Approximately two months prior to the filing of the chapter 11 petition, FIA had brought a fraudulent conveyance action in the Circuit Court of Fairfax County, Virginia, to recover undeveloped real property in West Virginia that had been purchased in the name of a related entity, T&B Development, LLC, using money that FIA had loaned to the debtor. Shortly after the chapter 11 petition was filed, FIA removed the state court action to this court. *FIA Card Services, N.A. v. T&B Mortgage Corp.*, A.P. No. 07-1176. The adversary proceeding was voluntarily dismissed after T & B Development executed a quitclaim deed of the property to the debtor that was recorded February 28, 2008. The property is reportedly appraised for real estate tax purposes at $293,300 and is apparently unencumbered.[1]

The application that is presently before the court was filed on April 16, 2008, and seeks allowance and payment, as a chapter 7 administrative expense, of $8,361.50 in attorneys fees and reimbursement of $723.03 in expenses incurred by FIA in bringing the state court action, removing it to this court, and obtaining reinstatement and conversion to chapter 7 after the case was initially dismissed. Of the requested fees and expenses, $4,874.53 were incurred prior to the filing of the chapter 11 petition and $4,210.00 were incurred after the filing of the petition. Most of the fees relate to services provided by the law firm of Miles & Stockbridge, PC, which provided detailed time records reflecting a total of 27.1 hours of attorney and paralegal time billed at rates ranging from $120 per hour to $420 per hour, for a "blended" rate of $286 per

---

[1] The court is not advised whether there are additional assets available for payment of creditor claims.

hour. A small portion of the fees and expenses were for services by the law firm of Spilman Thomas & Battle, PLLC, to record a memorandum of lis pendens in West Virginia. No time records were provided for those services, but the amount is relatively modest. A breakdown of the fees and expenses for each of the firms relative to the filing date of the petition is as follows:

| Firm | Prepetition Fees | Prepetition Costs | Postpetition Fees | Postpetition Costs |
|---|---|---|---|---|
| Miles & Stockbridge | $3,780.00 | $282.00 | $3,960.00 | $250.00 |
| Spilman Thomas & Battle | $621.50 | $191.03 | | |
| Totals | $4,401.50 | $473.03 | $3,960.00 | $250.00 |

Discussion

A.

The present application is brought under § 503(b)(3) and (4), Bankruptcy Code, which authorizes the allowance, as an expense of administration, of reasonable compensation for professional services rendered by an attorney for a creditor "that recovers, *after the court's approval*, for the benefit of the estate any property transferred or concealed by the debtor" (emphasis added). Because administrative expenses are paid prior to any distribution to general unsecured creditors and because they represent an exception to the policy favoring equality of distribution, any allowance of such expense claims must be clearly authorized by the statute and supported by the facts. *Ford Motor Credit Co. v. Dobbins*, 35 F.3d 860, 866 (4th Cir.1994) (admonishing that the provision for allowance of administrative claims "was not intended 'to saddle debtors with special post-petition obligations lightly or give preferential treatment to certain select creditors by creating a broad category of administrative expenses.'") In general, a claim will be treated as an administrative expense only if "the debt 'arises from a transaction

with the debtor-in-possession' [and] 'the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession[.]'" *In re Larsen*, 80 B.R. 784, 787 (Bankr. E.D. Va. 1987) (citing *In re Mammoth Mart, Inc.*, 536 F. 2d 950, 954 (1st Cir. 1976)).

B.

There are two problems raised by the present application. First, more than half of the amount requested represents services performed and expenses incurred *prior* to the filing of the petition. Second, even the services performed after the filing of the petition were not performed after first obtaining the court's approval as required by the plain language of the statute.

With respect to the first point, FIA has cited this court's attention to two cases which granted administrative expense status for expenditures incurred prior to the filing of a chapter 11 petition. *United States v. Air Line Pilots Assn., Int'l (In re Trans World Airlines, Inc.)*, 1993 WL 559245, *7-8 (D. Del. 1993); *In re Russell Transfer, Inc.*, 59 B.R. 871 (Bankr. W.D. Va. 1986). In *TWA*, the district court affirmed the bankruptcy court's allowance, as an administrative expense, of attorney's fees incurred by the debtor airline's pilots union in negotiating amendments to a collective bargaining agreement that were crucial to the airline's turnaround plan. Although the agreement was reached several months after the petition was filed, the negotiations had begun prior to the filing of the chapter 11 petition, and the district court ruled that "under the unique facts" presented, the bankruptcy court did not err in allowing the prepetition portion of the fees. In *Russell Transfer* the bankruptcy court was presented with an application to approve prepetition attorney's fees incurred by a shareholder of the debtor in deciding whether to pledge his credit on the debtor's behalf. Although the shareholder

4

ultimately did not do so, the bankruptcy court found that the denial set in motion a chain of events that resulted in a successful chapter 11 reorganization, and on that basis allowed the fees as an expense of administration.

*TWA* and Russell Transfer are both distinguishable in that they involved a different statutory provision than the one here.  Section 503(b)(3)(D), the provision at issue in both those cases, addresses expenses incurred by a creditor, indenture trustee, equity security holder, or unofficial committee of creditors or equity security holders "in making a substantial contribution in a case under chapter 9 or 11[.]"  The present case, while originally filed under chapter 11, is now a chapter 7 case, and the expenses for which FIA seeks reimbursement neither resulted in a successful reorganization nor were rendered with a view to achieving such a result.  More to the point, however, both of the cited cases were, in this court's view, wrongly decided.. *See In re Hackney*, 351 B.R. 179, 184-200 (Bankr. N.D. Ala. 2006) (collecting and distinguishing cases) *Hackney*, like the present case, involved a creditor's application for administrative expense treatment of a fraudulent conveyance lawsuit it had brought against the debtor prior to the filing of the bankruptcy petition.  Following removal to the bankruptcy court, the chapter 7 trustee was substituted as plaintiff and settled the suit for approximately $5 million.  All of the work for which the creditor sought administrative expense treatment had been incurred prior to the filing of the bankruptcy petition.  Judge Cohen, after a scholarly and exhaustive review of the case law (including the cases that FIA has cited) held that "to qualify for administrative expense status . . . an expenditure must have occurred, or an obligation must have been incurred, postpetition." 351 B.R. at 184.  This court concurs.  Although it is true that the estate has reaped what appears to be a substantial benefit from actions originally undertaken by the creditor for its own benefit, the

overwhelming weight of authority does not support elevating *any* prepetition expenditure, however much it might ultimately benefit other creditors, to the status of an administrative expense claim. Put another way, simply because the estate benefits from the attorneys' services does not mean that they were performed *for* the estate, which is the test for allowance of an administrative expense.[2] Accordingly, the court finds no legal basis for allowing FIA's prepetition legal fees and expenses as an expense of administration.[3]

With respect to the fees and expenses incurred *after* the filing of the petition, it is clear that FIA neither requested nor obtained court approval to pursue the litigation for the benefit of the bankruptcy estate. The statutory language is plain and unambiguous. As a leading treatise notes:

> The requirement of court approval is consistent with the court's authority to supervise the administration of the bankruptcy process. It prevents creditors from acting on their own to recover assets with the expectation that the costs of doing so will be borne by the bankruptcy estate.

Collier on Bankruptcy (15th ed. rev. 2002) ¶ 503.10[3], p. 503-62. Although many courts have been strict about disallowing administrative expense claims by creditors who did not first seek court approval to recover transferred property, others have overlooked the prior approval requirement when the lapse was outweighed by the benefit to the estate. *Id*. Analytically, the better approach is to treat the approval requirement as mandatory but to consider retroactive approval (much as courts commonly do in granting so-called "nunc pro tunc" approval of

---

[2] *TWA* is perhaps distinguishable in this respect, since there is a suggestion that the collective bargaining negotiations took place against a backdrop of an expected or likely chapter 11 filing.

[3] The court's ruling with respect to administrative expense status is without prejudice to the allowance of the prepetition fees, if otherwise proper, as part of FIA's allowed claim.

professional employment) in those situations in which there is a good excuse, such as time constraints and the necessity for prompt action, for not obtaining advance approval, and approval would have been granted had it been requested. *See In re Tidewater Memorial Hosp., Inc.*, 110 B.R. 221 (Bankr. E.D. Va. 1989) (holding that retroactive employment of counsel may be authorized when (1) the professional satisfactorily explains failure to obtain prior approval of employment and (2) the professional otherwise meets requirements of Bankruptcy Code and Rules).

Given the fact that the present case was dismissed only a month after it was filed, and that T & B Development executed the quit-claim deed mooting the fraudulent conveyance action only one day after this court vacated the dismissal and converted the case to chapter 7, there was little practical opportunity for FIA to have obtained court approval. Had the case remained in chapter 11, the court would likely have granted approval if it had been requested, since the suit was already pending and the debtor in possession, being one of the defendants, was not an obvious choice to prosecute an action against itself. For that reason, and particularly given the benefit to the estate, the court concludes that this is one of those exceptional circumstances in which approval retroactive to the date of the bankruptcy petition is appropriate. Nevertheless, the court emphasizes that retroactive approval is not granted lightly or as a matter of course, and a creditor who pursues recovery without first obtaining court approval can generally expect its administrative expense claim to be denied.

C.

As required by § 503(b)(4), Bankruptcy Code, the court has reviewed the Miles & Stockbridge time records to determine whether the requested compensation for the services

performed after the filing of the petition is reasonable "based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a [bankruptcy] case." Although some of the individual hourly rates are higher than the rates this court would ordinarily allow an attorney for a chapter 7 trustee, the blended rate is reasonable, the litigation was pursued expeditiously and without wasted effort, and the results achieved were good. Accordingly, the court finds that the $4,210.00 in post-petition fees and expenses were reasonable.

D.

There is one remaining issue. The application seeks approval of the fees and expenses as a chapter 7 administrative expense. Administrative expenses "incurred" in a chapter 11 case prior to its conversion to chapter 7 are subordinate in the scheme of distribution to administrative expenses incurred in the chapter 7 case. § 726(b), Bankruptcy Code. Only $360.00 of the legal fees before the court were incurred after the conversion of the case to chapter 7 on February 21, 2008. To be sure, unless the estate proves administratively insolvent, the distinction between a chapter 11 and a chapter 7 administrative expense is irrelevant. But because there is always a potential for administrative insolvency, the court will specifically allow as a chapter 7 administrative expense only those fees incurred following the conversion.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The application of FIA Card Services, N.A., for allowance of an administrative expense claim is GRANTED in part and DENIED in part.

8

2. FIA Card Services, N.A. is ALLOWED a chapter 11 administrative expense claim in the amount of $3,850.00 and a chapter 7 administrative expense claim in the amount of $360.00, for a total of **$4,210.00**.

Date: _____    _____
                                  Stephen S. Mitchell
Alexandria, Virginia              United States Bankruptcy Judge


Copies to:

Brian F. Kenney, Esquire
Miles & Stockbridge, P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA  22102
Counsel for FIA Card Services, N.A.

Gordon P. Peyton, Esquire
Redmon, Peyton & Braswell
510 King Street, suite 301
Alexandria, VA  22314
Chapter 7 trustee

T&B Mortgage Corporation
Attn: Jin Chang
2812 Old Lee Highway, Suite 300
Fairfax, VA 22031
Debtor

Russell B. Adams III, Esquire
Chung & Press, P.C.
6723 Whittier Ave., Suite 302
McLean, VA  22101
Counsel for the debtor